85

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 03 1996

MICHAEL N. MILBY, Clerk of Court

| | | |
|---|---|---|
| LEE SCHAM | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-96-563 |
| | § | |
| DISTRICT COURTS TRYING | § | |
| CRIMINAL CASES, HARRIS | § | |
| COUNTY, TEXAS and THE | § | |
| HONORABLE DOUG SHAVER, et al. | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH AUTHORITIES AND MOTION TO STRIKE

TO THE HONORABLE KENNETH M. HOYT:

NOW COME Defendants, the District Courts Trying Criminal Cases and the Honorable Judge Doug Shaver, et al., (the "Defendants") by and through their attorneys, Dan Morales, Attorney General of Texas, and the undersigned Assistant Attorney General, and pursuant to FED. R. CIV. P. 56, file this their Response to Plaintiff's Motion for Summary Judgment and Motion to Strike and in support would state as follows.

First, each page of Plaintiff's Motion with Brief for Summary Judgment ("Plaintiff's MSJ") and evidentiary support is replete with factual misstatements, contradictions, opinion, innuendo, speculation and improper summary judgment argument and evidence. Although not all defects in Plaintiff's MSJ are dispositive individually, in their totality, they represent procedural and factual defects, omissions, lack of legal argument and knowing misrepresentations to such an extent as to defeat Plaintiff's MSJ. Second, Plaintiff's MSJ is actually a response to Defendants' Motion for Summary Judgment (Defendants' MSJ) where Plaintiff clearly cites to Defendants' MSJ argument and evidence. In fact, Plaintiff has dropped his claim under the Texas

Open Records Act having learned in Defendants' MSJ that Plaintiff's claim was barred having filed the wrong cause of action in the wrong court. Therefore, Defendants request the Court to properly treat Plaintiff's MSJ as their Response to Defendants' MSJ.

## I.

## DEFECTS IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND EVIDENTIARY SUPPORT AND DEFENDANTS' MOTION TO STRIKE

Plaintiff's opening paragraph moves the Court to grant Plaintiff's MSJ because the "answers to interrogatories, and admissions on file together with affidavits" show no genuine issue of material fact. First, Plaintiff never propounded interrogatories or admissions to Defendants and Local Rule 5(A) prohibits the filing of discovery material. Second, only one (1) affidavit has been submitted during this entire litigation and Defendants will show it is fundamentally deficient. (Plaintiff's MSJ, p. 1).

Plaintiff asserts that the Order's "enactment was arbitrary and capricious," (Plaintiff's MSJ, p. 1, no. 2), but Plaintiff has presented no facts in support and may not seek summary judgment with general allegations unsupported by evidence.

Plaintiff may not purport to represent "others not before the Court" where they have not agreed to be plaintiffs in this lawsuit and have not sought representation by Plaintiff's attorney in this cause. (Plaintiff's MSJ, p. 1, no. 3 & p. 2). In fact, Defendants receive numerous complaints about the targeted direct-mail solicitation Plaintiff admits to. (See **EXHIBIT A**). Nor can Plaintiff set forth new causes of action in Plaintiff's MSJ where they have not been pled. *In re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981). Nowhere in Plaintiff's First Amended Complaint has a claim of "Freedom of Association" been pled, therefore Plaintiff is foreclosed from now raising this new claim and it must be stricken from Plaintiff's MSJ. (Plaintiff's MSJ, p. 1, no 3.a & p. 9-10).

Plaintiff's assertion that all of Defendants' summary judgment evidence "is newly created for this litigation and did not exist at the time of the Decree's [Order's] enactment" is false. Further, any evidence not in existence at the time the Order was entered is not only relevant, but responsive where Plaintiff has consistently argued, not only of the entry of the Order, but of Defendants' "continued enforcement" (Plaintiff's MSJ, p. 25) of the Order (Plaintiff's Supplemental Answer to Defendants' Motion to Dismiss Plaintiff's Original Complaint; Plaintiff's First Amended Complaint) and Defendants may present evidence in support of its continued enforcement.

Although Plaintiff asks the court "to take judicial notice," nowhere in Plaintiff's MSJ does he explain what he is asking the Court to take judicial notice of nor is there any explanation for Plaintiff's request "under the doctrine of aider by verdict." (Plaintiff's MSJ, p. 2).

Contrary to Plaintiff's argument, there is no "Constitutional right to receive direct-mail solicitation from attorneys" (Plaintiff's MSJ, p. 2), Plaintiff has not referenced the Constitutional provision claimed and has presented no argument or authority in support of this claim.

Contrary to the Plaintiff's assertion that the "essential facts of this case are not in dispute" (Plaintiff's MSJ, p. 2), Exhibit A of Plaintiff's MSJ is not a copy of the Order entered by Judge Hearn and Defendants move to strike Plaintiff's evidence where it is annotated and not authenticated. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). More importantly, both sides do not agree that the Order in question was "handed down on March 11, 1992." (Plaintiff's MSJ, p. 3). Defendants have presented uncontrovertible proof that the Order was entered September 6, 1989, (See **EXHIBIT B**) and has been enforced since that date. (See **EXHIBIT C[1]**). Defendants presented this proof July 12, 1996, in their Motion to Dismiss and

---

[1]The attached exhibit is a copy. The original exhibit was filed with the Court July 12, 1996 with Defendants' Motion to Dismiss and Brief in Support Thereof.

Brief in Support Thereof and Plaintiff has offered no counter argument or evidence, but ignores the original Order hoping that the Court will ignore his knowing misrepresentation, although it is a public record, admissible here under Fed. R. Evid. 902 and recorded in the Office of the District Clerk.

Throughout the pendency of this lawsuit, Plaintiff has falsely argued and presented evidence inconsistent with facts well within Plaintiff's knowledge. The "BLACKED OUT" copies Plaintiff continually argues and attaches as evidence are not representative of the District Clerk's procedures in implementing the Order as Plaintiff is fully aware. (Plaintiff's MSJ, p. 3 & Exhibit B). The over-redacting by clerks was corrected on or about March, 1996 and the District Clerk's Office personally met with both Plaintiff and his attorney, Randall L. Kallinen and reviewed the revised procedures. (See **EXHIBIT C**). Again, Defendants presented this proof July 12, 1996 and Plaintiff has offered no counter argument or evidence and has failed to deny that the procedures were corrected or that new procedures were reviewed personally with he and his attorney, but continues to mislead this Court with false and outdated evidence which Defendants move to strike.

Plaintiff now argues that the District Courts Trying Criminal Cases "does not form an administrative body under any law of the State of Texas." (Plaintiff's MSJ, p. 4). However, Plaintiff has pled this "body" as a named Defendant. Plaintiff has also recognized that Judge Doug Shaver is the Administrative Judge, District Courts Trying Criminal Cases (Plaintiffs' Answer with Memorandum to Defendants' Motion to Dismiss Plaintiffs' Original Complaint Against Defendants; Motion to Deny a Temporary Restraining Order, a Preliminary Injunction, and Permanent Injunctive Relief; Motions for More Definite Statements, and Motions to Strike

@ p. 17) and would be the only other Defendant had the Court not ordered the remaining twenty-one (21) judges joined over Plaintiff's objections.

Plaintiff's contradictions continue where he argues that Plaintiff's solicitation letter is commercial speech, (Plaintiff's MSJ, pp. 11, 18 & 24, no. 6), then argues that "Plaintiff's direct-mail letters are protected First Amendment Speech, not commercial speech . . ." (Plaintiff's MSJ, p. 24, no. 5, emphasis added). Plaintiff's arguments as to commercial speech, where Plaintiff contradicts himself arguing two opposite positions, are not properly before the Court as it is not for the Court or the Defendants to make a determination as to which theory Plaintiff seeks to advance.

Proper summary judgment evidence does not include the "third party sources and guesswork" Plaintiff's MSJ "speculate[s]" and admits to. (Plaintiff's MSJ, p. 19). Plaintiff's guesswork, including that "upon information and belief it is to increase their leisure time" (Plaintiff's MSJ, p. 14), and "Want of excessive leisure time by and for some Harris County District Criminal court judges are not summary judgment argument." (Plaintiff's MSJ, p. 19). Nor is Plaintiff's "guesswork" as to "political contributions and assistance" where such is wholly unsupported by any evidence. (p. 20).

Defendants further assert that Plaintiff's "hypothetical example of how the public is disserved" where such is also wholly unsupported by any evidence and not proper summary judgment argument may not properly be considered. (Plaintiff's MSJ, pp. 21-22).

Finally, pursuant to Fed. R. Civ. P. 56(e) "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible ... " In order to be competent summary judgment evidence, affidavits must establish that the testimony contained therein would otherwise be admissible at trial. The affidavit must be based on personal

knowledge. *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1992); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991). Furthermore, the testimony contained in the affidavit must not otherwise be objectionable. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Federal Savings & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 702 (5th Cir. 1991). Plaintiff's affidavit is fundamentally deficient where it is based on plaintiff's "belief" and is replete with speculation as to what "may have been." (See **EXHIBIT E**, pp. 3, 4, & 6). The facts stated in an affidavit must be specific and constitute admissible evidence. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). Bare allegations of fact, ultimate or conclusory facts, and legal conclusions do not satisfy these requirements. *Iacobelli Constr., Inc. v. County of Monroe*, 32 F.3d 19, 25 (2d Cir. 1994); *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994).

Defendants move to strike all such allegations not based on personal knowledge, including where Plaintiff improperly asserts in his affidavit that "Harris County is footing the bill for an increased number of court appointments" (**EXHIBIT E**, p. 4), and "Based on my belief and local TV Channel 13 undercover news reports, the Decree [Order] may have been handed down to increase the leisure time of some of the state district criminal trial judges in Harris County." (**EXHIBIT E**, p. 6, emphasis added). The facts stated in the affidavit must be based on the affiant's personal knowledge. *Howard v. City of Greenwood*, 783 F.2d 1311, 1313-15 (5th Cir. 1986); *Sellers v. M.C. Floor Drafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) The affidavit must identify the details and show how and why the affiant has personal knowledge. An affidavit made on "information and belief" does not meet the personal knowledge requirement. *Columbia Pictures Indus., Inc. v. Professional Real Estate Inv., Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991),

*aff'd*, 113 S.Ct. 1920 (1993); *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831, 70 S.Ct. 894, 896 (1950); *Chandler v. Coughlin*, 763 F.2d 110, 113-14 (2d Cir. 1985).

Further, the Affidavit of Lee Seth Scham is knowingly false. From the inception of this lawsuit, Plaintiff has stated that "Prior to the issuance of the document dated March 11, 1992 . . . I would advertise for clients by obtaining the addresses of recently charged criminal defendants from the Harris County District Clerk's Office, Criminal Division, Public Service Department." (**EXHIBIT E**, p. 2). Plaintiff has further stated that "I would then mail the defendants a truthful letter containing helpful legal information introducing myself as an attorney. I have never mailed any letter to any criminal defendant charged in the Defendants' courts which contained false, misleading, or deceptive information." (**EXHIBIT E**, p. 2). Both statements are absolute falsehoods.

First, it is uncontroverted that the District Clerk ceased to disclose street addresses and telephone numbers on or about September 6, 1989; therefore, Plaintiff did not obtain this information prior to March 11, 1992. Second, Plaintiff has never presented his "truthful letter" to the Court because the State Bar of Texas has found the letter to contain numerous violations and not in compliance. (See **EXHIBIT F**). It is for this reason Plaintiff seeks to limit Defendants' evidence to enactment of the Order, which clearly he cannot do.

Plaintiff further asserts that "The State Bar of Texas is the proper body to regulate attorney advertising" (Plaintiff's MSJ, pp. 13 & 17) while omitting the fact that the Bar rejected Plaintiff's application for approval of his "truthful letter." (Plaintiff's MSJ, pp. 22-23). The Plaintiff was aware on May 25, 1996 when swearing under penalty of perjury that (1) the information was not obtained prior to March 11, 1992, and (2) the State Bar of Texas rejected Plaintiff's "truthful letter."

Over Plaintiff's objections, on September 9, 1996, the Court ordered Plaintiff to respond to Defendants' discovery by September 30, 1996, yet Defendants have not received Plaintiff's responses. Among other things, Defendants' Interrogatories, Request for Admissions and Request for Production request proof of Plaintiff's "truthful letter" and State Bar approval. Defendants' also requested Plaintiff admit his evidence is outdated, thus false and misleading.

For the aforementioned reasons, Defendants move to strike (1) freedom of association claim not pled in Plaintiff's First Amended Complaint; (2) unauthenticated Exhibits A and B; and, (3) Exhibit E in its entirety where it is not based on personal knowledge and contains knowing falsehoods.

## II.

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment must specify the grounds upon which judgment is sought and include any evidence necessary to support the motion. Where the movant bears the burden of proof at trial, the motion must: (1) identify the claim or defense upon which summary disposition is sought; (2) be accompanied by sufficient evidence to establish a *prima facie* case as to each and every element of the claim or defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548 (1986); *Fontenot*, 780 F.2d at 1194. The motion cannot be vague or conclusory regarding the grounds upon which the movant seeks summary judgment. *Id.* Plaintiff's MSJ does not identify the claims upon which summary disposition is sought and it defines vague and conclusory. Further, it does not even set forth the elements of Plaintiff's claims, much less offer argument or evidence in support. The burden of proof in a summary judgment proceeding is on the same party who would bear the burden of proof at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. For a plaintiff to be entitled to summary judgment, the plaintiff must prove each element of its causes of action as a matter of law. *Supra*.

Having dropped the Texas Open Records Act claim and having struck the freedom of association claim, Plaintiff's remaining claims are for due process, freedom of speech and equal protection. Plaintiff's MSJ does not even set forth the essential elements of a claim for due process (Plaintiff's MSJ, p. 7-9). Nor does he set forth factual support for the alleged deprivation of a protected liberty interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985); *Board of Regents v. Roth*, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705 (1972). Only once in Plaintiff's MSJ does he make a single blanket reference to the "Plaintiffs Liberty Rights to Carry On an Avocation of His Choosing and his Right to Contract." (Plaintiff's MSJ, p. 20). Plaintiff may not argue a procedural due process violation where he has not shown a substantive due process violation and a single phrase in the entire motion does not satisfy Plaintiff's burden of proof.

Plaintiff's claim for freedom of speech also does not even set forth the requisite elements. Arguments both for and against commercial speech are not proper summary judgment argument, leaving the Court without a basis on which to consider Plaintiff's claim where Plaintiff has not asserted the form of protected speech or the level of protection afforded. Again, Plaintiff has merely rallied his own subjective beliefs, and has failed to meet his burden of proof.

Plaintiff's MSJ also makes no argument under equal protection, but merely states that there has been a violation with five (5) words, "Equal Protection of the Laws" (Plaintiff's MSJ, p. 1) and nothing more throughout the entire motion, again not satisfying his burden of proof.

Finally, nowhere in Plaintiff's MSJ is a single word of argument or evidence presented to overcome Defendants' defense of qualified and sovereign immunity which are "pure law" questions susceptible to summary judgment. *U.S. v. City of Spokane*, 918 F.2d 84, 86-87 (9th Cir. 1990).

## III.

## CONCLUSION

First, Plaintiff's claim for freedom of association is barred where it has never been pled and may not be raised for the first time in a summary judgment motion. Second, Plaintiff's remaining constitutional claims may not stand where (1) Plaintiff has failed to set forth all the elements of his claims; (2) Plaintiff's "guesswork," "information and belief," hearsay from "third party sources," and hypothetical are not proper summary judgment argument or evidence; (3) Plaintiff's evidentiary support is not based on personal knowledge and not properly authenticated and must be stricken; (4) Plaintiff's claims are factually unsupported; (5) Plaintiff has failed to meet his burden of proof; and, (6) Plaintiff has not sought to and cannot overcome Defendants qualified and sovereign immunity.

WHEREFORE, the Defendants pray that the Plaintiff's Motion for Summary Judgment be denied. Defendants further pray that summary judgment in favor of Defendants on all issues in this suit be entered in this action, and that Defendants be awarded costs, including attorney's fees, together with such further relief that this Court determines is just. The Defendants further pray for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

LAQUITA A. HAMILTON
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

*Christine B. Edwards*

CHRISTINE G. EDWARDS
Texas Bar No. 00789276
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / (512) 320-0667 FAX

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested on the 3rd day of October, 1996, to:

Randall L. Kallinen
3303 South Rice Avenue, Suite 115
Houston, Texas 77056

*Christine C. Edwards*

CHRISTINE G. EDWARDS
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE SCHAM | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-96-563 |
| | § | |
| DISTRICT COURTS TRYING | § | |
| CRIMINAL CASES, HARRIS | § | |
| COUNTY, TEXAS and THE | § | |
| HONORABLE DOUG SHAVER, et al. | § | |
|   Defendants. | § | |

## ORDER AND FINAL JUDGMENT

Before the Court are Plaintiff's and Defendants' Motions for Summary Judgment and Defendants' Response to Plaintiff's Motion for Summary Judgment and Motion to Strike. After consideration, the Court is of the opinion that Defendants' Motion for Summary Judgment is meritorious and should be GRANTED.

It is therefore ORDERED that Defendants' Motion for Summary Judgment is GRANTED as to all issues in this suit and Plaintiff's Motion for Summary Judgment is DENIED. Plaintiff takes nothing by this suit and Defendants recover all costs and attorney's fees, for which let execution issue. All further relief not expressly granted is hereby denied.

SIGNED this the _____ day of _____, 1996.

_____
HONORABLE KENNETH M. HOYT
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEE SCHAM,                              §
     Plaintiff,                       §
                                      §
v.                                     §    CIVIL ACTION No. H-96-563
                                      §
DISTRICT COURTS TRYING                 §
CRIMINAL CASES, HARRIS                 §
COUNTY, TEXAS and THE                  §
HONORABLE DOUG SHAVER, et al.          §
     Defendants.                      §

## AFFIDAVIT OF DOUG SHAVER

**THE STATE OF TEXAS**          §
                            §
**COUNTY OF HARRIS**            §

    BEFORE ME, the undersigned authority, personally appeared the Honorable Doug Shaver, who after being by me duly sworn upon his oath, deposed as follows:

    1.   "My name is Doug Shaver. I am over 21 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

    2.   I am the presiding judge of the 262nd Judicial District of Harris County, Texas. I have been sitting as the Administrative Judge for the District Courts Trying Criminal Cases in Harris County, Texas since 1993.

    3.   The Order directing the District Clerk and Sheriff of Harris County to cease to disclose street addresses and telephone numbers of criminal defendants until represented by counsel was entered by Judge Charles J. Hearn, Administrative Judge, on September 6, 1989. I have served as Administrative Judge since the retirement of Judge Hearn and have continued to enforce the Order.

<em>Scham:</em> Affidavit of Doug Shaver...Page 1



<strong>EXHIBIT</strong>
A

4.    During my many years as a presiding judge in Harris County criminal courts, I have received numerous complaints from criminal defendants and attorneys practicing in my court about letters of solicitation.  Complaints have been directed at the volume of letters received, the content of these letters and the invasion of the defendants' privacy.  In that regard, I have personally reviewed numerous letters given to me by these criminal defendants and attorneys as well as other Harris County judges.

5.    The volume of solicitation letters I have observed a criminal defendant in Harris County receives at home may reach as many as one hundred (100) in some instances.

6.    The content of solicitation letters I have observed a criminal defendant in Harris County receives at home covers the full spectrum of attorney advertising and is not only inconsistent with the State Bar of Texas advertising rules, or the Texas Penal Code, but these letters are an embarrassment to the respected members of the Bar and to the integrity of the legal profession.

7.    The invasion of privacy experienced by criminal defendants is an affront to a citizen who is merely accused and innocent until proven guilty under the law.   The State has a substantial interest in protecting the privacy of its citizens who are innocent until proven guilty under the law.  Invasion of privacy is not the intended purpose of the criminal justice system.

8.    Criminal defendants have expressed severe apprehension of what their children may discover through the bombardment of unwanted solicitation letters to the home.  This is of grave concern where a child should be protected from charges which are beyond their comprehension and as yet unproven.  Disruption of families in their home is not the intended purpose of the criminal justice system.

*Scham:* Affidavit of Doug Shaver...Page 2

9. In one specific instance, a criminal defendant was charged with soliciting prostitution. The defendant pled no contest, paid a fine and the case was immediately disposed of. Due to the flood of solicitation letters to his home and the content of these letters, the defendant's wife became aware of the accusations, as yet unproved, and a divorce ensued. Invasion of privacy is not the intended purpose of the criminal justice system.

10. Each and every member of the State Bar of Texas has a professional obligation to maintain the integrity of the legal profession. A judge has an even higher duty. Responsive to the many complaints from criminal defendants and attorneys, in my capacity as Administrative Judge, I have also sought to elevate the reputation of members of the profession in the eyes of the public.

11. I have given continuing effect to the Order because it is narrowly drawn and in no way represents a ban on direct mail solicitation. Attorneys can and do, as evidenced by the volume of solicitation letters regularly brought into my court, still solicit criminal defendants. The Order merely deters use of the Harris County Courthouse by those who seek to use it for their own personal gain without regard to the rights of the accused. It is not the role of the courthouse to provide a means of solicitation. It is inappropriate that the very courthouse where criminal defendants should have confidence in their ability to obtain justice, should adversely impact the life of an accused, innocent until proven guilty.

12. Attorneys have many options to solicit prospective clients without the invasion of privacy I regularly observe and receive complaints of in my courtroom. They may advertise in directories, newspapers, radio, television, general mailings and numerous other avenues are available to them. They are not foreclosed from soliciting clients by direct mail.

*Scham:* Affidavit of Doug Shaver...Page 3

THE STATE OF TEXAS

COUNTY OF HARRIS

## ORDER

BE IT REMEMBERED, on this the 6th day of September, 1989, IT IS ORDERED that Ray Hardy, or any representative of Ray Hardy, District Clerk of Harris County, Texas, and Johnny Klevenhagen, Sheriff of Harris County, Texas, or any representative of Johnny Klevenhagen, hereby cease to disclose street addresses or telephone numbers of any defendant in any case in the District Courts Trying Criminal Cases until an attorney is hired by the defendant or an attorney is appointed by the court to represent said defendant.

IT IS FURTHER ORDERED that this Order be spread upon the Minutes of the District Courts Trying Criminal Cases.

SIGNED this 6th day of September, 1989.


Hon. Charles J. Hearn
Administrative Judge
District Courts Trying Criminal Cases
Harris County, Texas

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEE SCHAM
        Plaintiff,

v.                                                          Civil Action No. H96-563

DISTRICT COURTS TRYING
CRIMINAL CASES, HARRIS
COUNTY, TEXAS and THE
HONORABLE DOUG SHAVER, et al.
        Defendants

### AFFIDAVIT OF KENNETH R. HEUITT

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally appeared KENNETH R. HEUITT, who after being by me duly sworn, upon his oath, deposed as follows:

1.      My name is Kenneth R. Heuitt. I am over 18 years of age, and am competent to testify, and have personal knowledge, as to all matters contained herein.

2.      I am Bureau Chief, Criminal Bureau, Harris County District Clerk's Office. I have served in this capacity since October, 1987, throughout the relevant period.

3.      On September 6, 1989, Judge Hearn, Administrative Judge, District Courts Trying Criminal Cases, entered an Order directing that Ray Hardy, District clerk, cease to disclose street addresses and telephone numbers of felony criminal defendants until represented by counsel. The original document is on file in the District clerk's Office and recorded in Volume 1, Page 66 of the courts' special minutes.

4.      Due to a change in the officeholder of the District Clerk, this office inquired as to whether the 1989 Order remained in effect. In response, on March 11, 1992, Judge Hearn reurged the same Order to Katherine Tyra. The original document is on file in the District Clerk's Office and recorded in Volume 0003, page 0252 of the courts' special minutes.

*Scham*: Affidavit of Kenneth R. Heuitt . . . . .Page 1



**EXHIBIT**

C

5. In compliance with the original Order, this office ceased to disclose street addresses and telephone numbers on or about September 6, 1989. This is accomplished by the clerks at the customer service window redacting the information from the clerk's files upon a request from the public to view a file. The redacted copies are then reviewed by the person requesting information or the redacted copies may be purchased by paying the copying cost.

6. Once the defendant is represented by counsel, street addresses and telephone numbers are readily available to the public from the clerk's file and from computer terminals in the customer service area.

7. On or about March, 1996 in a telephone conversation with Randall L. Kallinen it was brought to my attention that the clerks at the customer service window were redacting additional information. I agreed to immediately look into the matter. Upon investigating, I determined that the clerks were redacting more than street addresses and telephone numbers. The procedures were immediately corrected since this was beyond the scope of the Order.

8. On or about May 14, 1996, I personally met with Lee Scham and Randall 1. Kallinen in my office and informed them that the procedures had been corrected and the clerks at the customer service window were now only redacting street addresses and telephone numbers in compliance with the Order.

9. Each day, the District Clerk's Office generates the JIMS (Justice Information and Management Systems) 708 Report for public use. This report provides the defendant name, alias, SPN number, cause number, degree, charge description, court, grant, arrest agency, citizen flag, bond, jail location, direct file and status of cases filed within the previous twenty-four (24) hours and set on the court's docket. The JIMS 708 Report is readily available to the public upon entering the District clerk's Office at no charge. Numerous attorneys, employers, journalist and other members of the public obtain the report every day.

I declare under penalties of perjury that the foregoing statements are true and correct and within my personal knowledge.

_____
KENNETH R. HEUITT

*Scham*: Affidavit of Kenneth R. Heuitt . . . . .Page 2

SUBSCRIBED AND SWORN TO before me on this 6th day of September 1996.

PRISCILLA B. MICHELL
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-24-

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

*Scham*:  Affidavit of Kenneth R. Heuitt . . . . .Page 3

THE STATE OF TEXAS

COUNTY OF HARRIS

## O R D E R

BE IT REMEMBERED, on this the 11th day of March, 1992, IT IS ORDERED that Katherine Tyra, or any representative of Katherine Tyra, District Clerk of Harris County, Texas, and Johnny Klevenhagen, Sheriff of Harris County, Texas, or any representative of Johnny Klevenhagen, hereby cease to disclose street addresses or telephone numbers of any defendant in any case in the District Courts Trying Criminal Cases until an attorney is hired by the defendant or an attorney is appointed by the court to represent said defendant.

IT IS FURTHER ORDERED that this Order be spread upon the Minutes of the District Courts Trying Criminal Cases.

SIGNED this 11th day of March, 1992.

Hon. Charles D. Hearn
Administrative Judge
District Courts Trying Criminal Cases
Harris County, Texas

V00003' P0252

## EXHIBIT

D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EXHIBIT E.

| | | |
|---|---|---|
| LEE SCHAM, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| Vs. | § | Civil Action |
| | § | No. H96-563 |
| | § | AFFIDAVIT |
| DISTRICT COURTS TRYING CRIMINAL | § | |
| CASES, HARRIS COUNTY, | § | |
| TEXAS, et al., | § | |
| Defendants. | § | |

## AFFIDAVIT of LEE SETH SCHAM

THE STATE OF TEXAS          )
                            )
COUNTY OF HARRIS            )

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant, WHO SWORE ON OATH that the following facts are true:

"1. My full name is Lee Seth Scham. I am the Plaintiff in this cause of action. I am at least eighteen years of age, under no disability of the law, and of sound mind. I have never been convicted of a felony or any crime of moral turpitude. I have never been adjudicated insane or mentally incompetent in any proceeding. I am fully capable of making this affidavit and I have personal and first hand knowledge of the facts in this affidavit and Plaintiff's First Amended Complaint to which this AFFIDAVIT is attached and such facts are true.

**EXHIBIT**

E

I am an attorney licensed by the Supreme Court of Texas and practicing in Harris County, Texas. My law practice in concentrated in the area of criminal defense law. I represent clients charged with criminal offenses. I receive almost all of my legal business, 95% or more, from direct mail letters sent to criminal defendants.

Prior to the issuance of the document dated March 11, 1992, referred to in this cause of action as the Decree and attached as EXHIBIT A to Plaintiff's First Amended Complaint, I would advertise for clients by obtaining the addresses of recently charged criminal defendants from the Harris County District Clerk's Office, Criminal Division, Public Service Department. The addresses were on documents in the defendant's file on record. I would then mail the defendants a truthful letter containing helpful legal information and introducing myself as an attorney. I have never mailed any letter to any criminal defendant charged in the Defendants' courts which contained false, misleading, or deceptive information.

It was often the case that I would be hired by criminal defendants before their first court appearance after their release from incarceration. After the Decree was handed down I could no longer get the addresses of the criminal defendants until after they already had obtained an attorney by appointment or

by hiring one. Many of these potential clients would plead guilty through an attorney appointed by Defendant judges before receiving my direct mail letter and I would be precluded from informing them of their rights or obtaining their business or speaking to them as a result.

The length of time that transpires from criminal defendant's arrest to the availability of the defendant's address varies greatly from one day to two months. The Decree causes the date of address availability to be random and arbitrary. My belief is that many cases are compromised to the criminal defendants' detriment due to the Decree and acts in furtherance thereof.

I have lost my Freedom of Speech as it relates to the criminal defendants and their criminal cases. I have also lost substantial amount of legal business and, hence, revenue due to the Decree.

The Decree blanketly restricts my right to speak to the criminal defendants without regard of the content of my speech. The Decree and subsequent acts in furtherance of the Decree are not narrowly tailored to prevent false, misleading or unfair statements from reaching the public. Furthermore, there were never any factual findings to support the need for the Decree.

The Decree is not applied evenly as it may effect a criminal defendant's access to counsel for one day, two days, ten days, or fifty days. The Decree is

discriminatory because criminal defendants, charged in the county courts at law with misdemeanors, are not subject to the restriction imposed by the Decree. The Decree thereby limits access to counsel of defendants charged with more serious crimes, and subsequently with a higher risk of losing their freedom and property. Such felony defendants should be more assured or have the same assurance of access to counsel as the misdemeanor defendants, not less.

My practice is devoted to individuals charged with at least one felony and, therefore, all my clients have been charged in the Harris County state district criminal courts to which the Decree applies. I believe the Decree violates the criminal defendants' right to Access to Counsel as guaranteed by the Sixth Amendment. Furthermore, because it violates the right of Access to Counsel, the criminal defendant may not, and usually is not, aware of many other rights they possess under the Constitution or its Amendments.

Because of the Decree and acts in furtherance thereof Harris County is footing the bill for an increased number of court appointments made by Defendant judges in their courts. The adversarial and advocacy nature of our criminal justice system is severely harmed by having judges prevent access to counsel of criminal defendants charged in their courts only to appoint the attorney for the defendant and then get a quick plea.

*I have no adequate remedy at law. My Right to Free Speech is being unconstitutionally restricted due to the Decree. Because of the Decree and the secret, non-public manner in which it was handed down I have been deprived of my Liberty to Contract and my Liberty to Carry on Avocation of My Choosing without Due Process of law. I also have been deprived of property without Due Process of Law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution.*

*Prior to the issuance of the Decree, there was no notice, no chance to be heard, no newspaper accounts, no invitation to meetings, no public participation, absolutely nothing that would even hint that the Decree or anything similar was about to be handed down.*

*When the state district court criminal trial court judges of Harris County ran for their respective offices I had no idea, based on law, precedent, campaign materials, the Texas Constitution or past history that the people being elected had the authority or power to hand down such an order as the Decree.*

*There is no administrative body known as District Courts Trying Criminal Cases, Harris County, Texas. The Decree and acts in furtherance of the Decree are being done totally outside any law or authority. Based on the law this results in personal liability for all Defendants for the acts complained of in this*

*suit.*

*The ongoing injury and threat of future injury to my Constitutional and Civil Rights and Liberties and those of the criminal defendants far outweighs any damage that might be caused to the nonmovant. Furthermore, the substantial threat exists that I and the criminal defendants will suffer irreparable injury to these rights if the Decree is not nullified and rescinded. Because of the secrecy and lack of meaningful promulgation of the Decree and acts in furtherance thereof I do not know what interests are being served by the Decree to the nonmovant. Based on my belief and local TV Channel 13 undercover news reports, the Decree may have been handed down to increase the leisure time of some of the state district criminal trial judges in Harris County. This would be accomplished by facilitating the disposal of felony cases through quick guilty pleas offered through appointed counsel.*

*Based on the law concerning the constitutionality of attorney advertising and the secret, nonpublic nature of the Decree our cause has a substantial likelihood to succeed on the merits. Our chance of success on the merits is substantial also because of the total lack of Due Process in the Decree's enactment and that it violates the Texas Open Records Act.*

*The granting of a preliminary injunction or permanent injunction which has the effect of nullifying and rescinding the Decree and addressing the acts in furtherance thereof will do the public a great service by stopping governance by decree in violation of the principles of Democracy that the public holds dear and also for the reasons pointed out above. Furthermore, the public will be served by having access to counsel of their choice and, therefore, being made aware of their rights under the law.*

*The granting of a preliminary injunction and permanent injunction which rescinds the Decree and orders the Defendants to make such rescission known to those acting under it will not disserve the public interest."*

**LEE SETH SCHAM, AFFIANT**

**SIGNED AND SWORN**
to before me on this the ⟨25th⟩ Day of ⟨May⟩ , 19 ⟨96⟩ .

Notary Public, Harris County, Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE SCHAM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-96-563 |
| | § | |
| DISTRICT COURTS TRYING | § | |
| CRIMINAL CASES, HARRIS | § | |
| COUNTY, TEXAS and THE | § | |
| HONORABLE DOUG SHAVER, et al. | § | |
| Defendants. | § | |

## AFFIDAVIT OF ROBIN SISCO

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TRAVIS** | § |

BEFORE ME, the undersigned authority, personally appeared Robin Sisco, who after being by me duly sworn, upon her oath, deposed as follows:

1.     "My name is Robin Sisco.  I am over 21 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

2.     I am the Director of the Advertising Review Department for the State Bar of Texas. In my capacity as Director, it is my responsibility to respond to inquiries from the general public by releasing nonconfidential information regarding the status of applications in the department.

3.     Attached are true and correct copies of a letter with attachments in response to an open records request regarding the application of Mr. Lee S. Scham.  Such documents were produced in compliance with the Texas Open Records Act.

*Scham*: Affidavit of Robin Sisco . . . Page 1

```
┌─────────────────────┐
│      EXHIBIT        │
│                     │
│         F           │
│                     │
└─────────────────────┘
```

3. Attached are true and correct copies of a letter with attachments in response to an open records request regarding the application of Mr. Lee S. Scham. Such documents were produced in compliance with the Texas Open Records Act.



ROBIN SISCO
Director, Adv. Review Department

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 25th day of September, 1996.

NOTARY PUBLIC in and for the
State of Texas

GAYLE RILEY VICKERS
MY COMMISSION EXPIRES
January 20, 1997

*Scham*: Affidavit of Hon. Lloyd Douglas Shaver . . . Page 2

# STATE BAR OF TEXAS



# FILE COPY

**ADVERTISING REVIEW COMMITTEE**

September 18, 1996

Ms. Christine G. Edwards
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas  78711-2548

**RE:    Open Records Request**

Dear Christine:

Enclosed is the all of the information available to the public concerning attorney Lee S. Scham's filing with the Advertising Review Committee of the State Bar of Texas.  Any other information that may be contained in Mr. Scham's file cannot be disclosed due to confidentiality.  On December 1, 1995, we received a filing of Mr. Scham's solicitation letter pursuant to 7.07(a) of the Texas Disciplinary Rules of Professional Conduct.  The letter violated several of the lawyer advertising rules in Part VII of the Disciplinary Rule; therefore, it was not approved by the Advertising Review Committee.  On April 6, 1996, Mr. Scham attempted to file a revised version of this letter.  On April 30, I spoke with Mr. Scham by phone.  I informed him that he would have to officially file his revised letter (with an application form and filing fee) if he wished it to be reviewed.  Such filing is mandatory if the letter is being disseminated.  I also informed him that the letter received on April 6 still contained several violations that would have to be corrected.  The file reflects that nothing was ever received from Mr. Scham following our phone conversation.

Please contact me if you need any other information or have any questions.  I look forward to receiving information from you following the conclusion of this case.

Sincerely,

Robin Sisco
Director, Advertising Review Department

enc.

# APPLICATION
## LAWYER ADVERTISING AND WRITTEN SOLICITATION

<table>
<tr><td colspan="2">For Committee Use Only</td></tr>
<tr><td>X</td><td>Fee Enclosed</td></tr>
<tr><td>X</td><td>Writing</td></tr>
<tr><td>___</td><td>Script</td></tr>
<tr><td>___</td><td>Video/Cassette</td></tr>
<tr><td colspan="2">Date Rec'd  12-1-95</td></tr>
</table>

Effective July 29, 1995, Part VII of the Texas Rules of Disciplinary Procedure require that a Lawyer or Law Firm file a copy of all Public Media Advertisements and Written Solicitation, except those exempt by Rule 7.07(d), either before or contemporaneously with its first dissemination or mailing. Pre-approval may be obtained by filing a copy of the advertisement or writing at least 30 days prior to its first dissemination or mailing. A separate application shall be filed for each advertisement or writing.

### INSTRUCTIONS FOR FILINGS

1. Complete Application in full. **Please print or type.** (Application may be reproduced)
2. Attach Advertisement or Writing. For further instructions regarding Television/Radio Advertisements, see back page.
3. Enclose check in the amount of $50.00 payable to State Bar of Texas for each advertisement or writing.

Mail Application and 1 copy with attachment(s) to:
Advertising Review Committee
State Bar of Texas
P.O. Box 12487
Austin, Texas 78711-2487

*For questions concerning filing requirements, call 1-800-566-4616.*

LAWYER: Mr. Lee S Scha_____ BAR CARD #: 17725701

FIRM: _____

PRINCIPAL ADDRESS: 10919 Fond___ Suite 1203
Houston, TX 7098?

PHONE: (713) 270-8825      FAX: _____

**Nature of advertisement or written solicitation:**

A. ✓ Letter      C. ___ Magazine/Newspaper      E. ___ Brochure/Newsletter
B. ___ Yellow Pages      D. ___ Television/Radio      F. ___ Other

Does applicant seek pre-approval?  Yes _____  No ✓
If you answered "No", state the date the advertisement or writing was first disseminated or mailed. 11/29/95

Is it likely that a case or matter resulting from the advertisement or writing will be referred to another lawyer or law firm?  Yes _____  No ✓
If you answered "Yes", does the advertisement or writing disclose such fact?  Yes _____  No _____

Does the advertisement or writing disclose a specific fee, range of fees, or that the lawyer or law firm will render fees on a contingent fee basis?  Yes ✓  No _____

Does the advertisement or writing disclose the location of an office other than the principal office?  Yes _____  No ✓
If you answered "Yes", is the office staffed by a lawyer at least three days per week, does the advertisement or writing indicate the days and hours during which the lawyer is present or that meetings are by appointment only?  Yes _____  No _____

Does the advertisement or writing designate one or more specific areas of practice?  Yes _____  No ✓
If you answered "Yes", is the lawyer or member of the law firm board certified in the areas of practice specified?  Yes _____  No _____

Does the advertisement or writing conspicuously display board certification or non-certification by the Board of Legal Specialization as required by Rule 7.04(b)(2-3) and (c)?  Yes ✓  No _____

Has another lawyer or law firm paid any part of the advertisement or writing?  Yes _____  No ✓
If you answered "Yes", identify the lawyer or law firm. _____

created 5/4/95

**Pre-Approval** - see 7.07(c)
In addition to $50.00 fee, submit the following:

- video or audio tape **and/or**

- production script

- Regardless of whether pre-approval has been obtained, a copy of the video or audio tape, as aired, must be submitted to the committee contemporaneously with first dissemination.

**Filing** - see 7 )(1 - 2)
In addition to $50.00 fee, submit the following:*

- a copy of the video or audio tape, as aired, contemporaneously with first dissemination.

- production script

*If pre-approval has been obtained, applicant need not submit additional $50.00 fee.

**Does the advertisement identify the lawyer responsible for its content?** Yes ✗ No _____

**Has applicant obtained pre-approval?** Yes _____ No ✗
If you answered "Yes", is the video or audio tape a copy of that which has been aired? Yes _____ No _____

**In what Area of Dominant Influence (ADI) will the advertisement be aired?** _____

**Identify any lawyers depicted in the advertisement.** _____

ATTEST: I HAVE REVIEWED THE ADVERTISEMENT OR WRITING SUBMITTED AS REQUIRED BY RULE 7.04(e) OR 7.05(c), TEX. DISCIPLINARY RULES OF PROCEDURE. THE REPRESENTATIONS CONTAINED THEREIN, AND THE INFORMATION IN THIS APPLICATION ARE TRUE AND CORRECT.

_Lee S. Sch____      11/29/95
Signed                        Date

| FOR COMMITTEE USE ONLY | | | | |
|---|---|---|---|---|
| **PRE-APPROVED** | **APPROVED** | **ADD'L INFORMATION REQUESTED** | **DISAPPROVED** | **REFERRED TO CHIEF DISCIPLINARY COUNSEL** |
| DATE_____ | DATE_____ | DATE_____ | DATE_____ | DATE_____ |
| BY_____ | BY_____ | BY_____ | BY_____ | BY_____ |

# MR. LEE S. SCHAM
## ATTORNEY AT LAW

*no euilege*
*7.07(a)(1)*

### 10919 Fondren Suite 1203
### Houston, Texas 77096
### (713) 270-8825

Abogado

*7.05(b)(6) - How info. was obtained.*

$599.00   NEGOTIATED SETTLEMENT, TOTAL PRICE, NO EXTRA CHARGES !!!

*7.02(a)(1)*

PRICE QUOTES ON TRIALS AVAILABLE.

CALL ME AFTERNOONS OR EVENINGS.

Just a reminder your next court appearance is on: _____

                              In Court Number   _____

The client will be responsible IF the court charges any costs.

Not Board certified Texas Board of Legal Specialization

*7.04(C)*

SMARTER than the average Bear

# ADVERTISEMENT

## YOU WILL PROBABLY BE REQUIRED BY THE COURT TO HIRE A LAWYER NOW THAT YOU ARE ON BOND!

### MR. LEE S. SCHAM
### ATTORNEY AT LAW

(713) 270-8825

10919 FONDREN SUITE 1203
HOUSTON, TEXAS 77096

4/2/96

Please be advised
I have made some
changes to my
mail out.
       Sincerely

CutePDF - www.fasso.com

# MR. LEE S. SCHAM
### ATTORNEY AT LAW

10919 Fondren Suite 1203
Houston, Texas 77096
(713) 270-8825

YOUR name, address, Court number, and date of next appearance
have been obtained from the Harris County District Clerk
Office.

$199.00

~~$599.00~~ NEGOTIATED SETTLEMENT!!!

PRICE QUOTES ON TRIALS AVAILABLE

CALL ME AFTERNOONS OR EVENINGS.

Just a reminder your next appearance is on: _____

In Court Number : _____

The client will be responsible if the court charges any costs.

### Not Board Certified Texas Board of Legal Specialization

## *Mr. Lee S. Scham*

**Attorney At Law**

10919 Fondren Suite 1203
Houston, Texas 77096

(713) 270-8825

# YOU WILL PROBABLY BE REQUIRED BY THE COURT TO HIRE A LAWYER NOW THAT YOU ARE ON BOND!

SMARTER than the average Bear

# ADVERTISEMENT